818 F.2d 867
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carl D. BUSH, Defendant-Appellant.
 No. 86-5883.
 United States Court of Appeals, Sixth Circuit.
 May 20, 1987.
 
 Before JONES and NORRIS, Circuit Judges, and COOK, District Judge*.
 PER CURIAM.
 
 
 1
 Defendant Bush appeals from a jury verdict finding him guilty of one count of possession of cocaine with intent to distribute to a person under 21 years of age in violation of 21 U.S.C. Sec.Sec. 841(a)(1) and 845(a) (1982 & Supp. III 1985). Bush raises two issues on appeal: the propriety of the district court's denial of his motion to suppress evidence, and the sufficiency of the evidence in the record to support the jury's verdict. For the reasons set forth below, we affirm the judgment of conviction.
 
 
 2
 The following is a summation of the facts most favorable to the prosecution. Seventeen year old Marcy Henry telephoned Bush (who was 43 years old) on February 19, 1985, seeking to purchase cocaine. Henry had purchased cocaine from Bush in the past. He arranged to meet Ms. Henry in the parking lot of a local restaurant in Memphis that evening.
 
 
 3
 When Ms. Henry left the house, she was followed surreptitously by Officer Hoing and Detective Bartels of the Shelby County Sheriff's Department. Hoing and Bartels were part of a fugitive apprehension team and had been watching the Henry house in an effort to apprehend John Stafford, a known acquintance of Marcy Henry's mother. They also knew that Ms. Henry was a drug user. The policemen tailed , Is. Henry to the restaurant parking lot, watched her circle the restaurant in her car, then park next to Bush's vehicle. At this point, they did not know that the person she was meeting was not John Stafford. Ms. Henry exited her vehicle and entered Bush's vehicle, where the two had a conversation with the dome light on. When Ms. Henry exited the car, both officers approached her. Detective Bartels patted her down and found a baggie containing a substance later confirmed to be cocaine. Ms. Henry admitted that it was cocaine and stated that she had just purchased it from Bush for $325. She described the cash denominations as three $100 bills, one $20 bill, and one $5 bill.
 
 
 4
 Officer Hoing approached Bush, who he then knew not to be John Stafford, and asked him to produce identification and empty his pockets. Bush was carrying a bundle of money wrapped with rubber bands ($995) as well as $325 in loose bills in the denominations described by Henry. The two were arrested but later released so as not to hinder the ongoing efforts to apprehend Stafford.
 
 
 5
 After the indictment was handed down, Bush filed a motion to suppress the evidence against him based on the allegedly unlawful search and seizure. This motion was referred to a magistrate pursuant to 28 U.S.C. Sec. 636(b)(1)(B) (1982) for report and recommendation. Following a hearing, the magistrate filed his report on March 6, t986, recommending that the motion to suppress be denied. Bush did not file objections to this report and recommendation, though he was specifically notified of the consequences of failure to object, and on March 21, 1986, the district court adopted the report and denied the motion.
 
 
 6
 The primary issue at trial was whether Bush possessed the cocaine with the intent of selling it to Ms. Henry. He testified on direct that he worked as an accountant for a living and that he had not used cocaine for four or five years. On cross-examination, he admitted that he was not a CPa, had no office, had not worked as an accountant for approximately one year, and testified that he had recently earned his living from gambling. He further testified that Marcy Henry, an acquaintance, telephoned him and offered to sell him some cocaine because she needed money to feed her child. He agreed and offered to meet her in the restaurant parking lot. However, according to Bush, he became . nervous when he saw people in the area and refused to purchase the drug from Ms. Henry.
 
 
 7
 Marcy Henry, the only other eye witness to the transaction, also testified at trial. Her version is basically set out above. Bush argues strenuously that Ms. Henry's testimony is inherently incredible due to various inconsistencies in her story. He also notes for impeachment purposes that she is a club dancer, as well as an admitted drug user and seller.
 
 I.
 
 8
 Since Bush failed to file objections to the magistrate's report and recommendation that the motion to suppress be denied, he has waived the right to appeal the district court's order adopting that report and recommendation. Thomas v. Arn, 106 S.Ct. 466 (1985); United States v. Walter, 638 F.2d 947 (6th Cir. 1981).
 
 II.
 
 9
 In reviewing a challenge to the sufficiency of the evidence, the court must view the evidence most favorably to the government, without weighing evidence or judging credibility, and determine whether there is substantial evidence to support the verdict. Glasser v. United States, 315 U.S. 60, 80 (1942). Viewed in that light, the test is whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original.). Where the testimony of various witnesses conflicts, "[i]t is for [jurors], generally, and not for appellate courts, to say that a particular witness spoke the truth or fabricated a cock-and-bull story." United States v. Bailey, 444 U.S. 394, 414-15 (1980).
 
 
 10
 Bush's only argument on the sufficiency of the evidence issue is that the testimony of Marcy Henry is inherently inconsistent and unbelievable as a matter of law. He characterizes her testimony that she wanted to purchase cocaine for $325 so that she could resell it at $350 and keep the $25 profit as "unbelievable on its face." He cites two Fifth Circuit cases for the proposition that an appellate court can intervene in such situations. See United States v. Reed, 715 F.2d 870 (5th Cir. 1983); United States v. Lerma, 657 F.2d 786 (5th Cir. 1981), cert. denied, 455 U.S. 921 (1982). However, those cases both held that the jury is the ultimate judge of the credibility of witnesses: "This court will declare testimony incredible as a matter of law only under extraordinary circumstances, when it is 'so unbelievable on its face that it defies physical laws." ' Reed, 715 F.2d at 874 (quoting Lerma, 657 F.2d at 789).
 
 
 11
 Marcy Henry's claim that she was acting as a go-between for $25 profit may be hard to believe, but it does not defy physical laws. Further attacks on her credibility are matters more properly argued to the jury. That body found Ms. Henry's testimony more credible than Bush's. We find no error and AFFIRM the judgment of conviction entered upon the jury's verdict.
 
 
 
 *
 Honorable Julian A. Cook, Jr., United States District Judge for the Eastern District of Michigan, sitting by designation